**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANGELES DEFRANCISCO,<br><br>*Plaintiff*,<br><br>v.<br><br>NOEMI MANZANO, *et al*.,<br><br>*Defendants*. | Civil Action No. 24-8826<br><br>**OPINION AND ORDER**<br><br>November 17, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon Defendant Aidvantage's Motion to Dismiss the Corrected First Amended Complaint of Plaintiff Angeles DeFrancisco, (ECF 73, "CFAC"), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF 135, "Motion" or "Mot.") The Court has decided the Motion upon the submissions of the parties, without oral argument, pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion is **GRANTED**; Plaintiff's Corrected First Amended Complaint is **DISMISSED** without prejudice.

**WHEREAS** this action arises out of an allegedly fraudulent Federal Student Loan application. (*See* CFAC.) Plaintiff is a New Jersey resident and sister of Defendant Noemi Manzano. (*Id.* ¶ 1.) Defendant Mia Manzano is Noemi Manzano's daughter and Plaintiff's niece who attended the University of Florida. (*Id.* ¶¶ 2-3.) In connection with her attendance, Defendant Mia Manzano secured a $44,000 Federal Student Loan (the "Loan") that Defendant Noemi Manzano and Plaintiff co-obligated. (*Id.* ¶¶ 2-4.) The Loan fell into arrears and Defendant Aidvantage, a loan servicer for Federal Student Loans, contacted Plaintiff for payment. (*Id.* ¶ 5.) In response, Plaintiff informed Defendant Aidvantage and the U.S. Department of Education that

her signature on the Loan application was forged and submitted ID theft affidavits. (*Id.* ¶ 6.) Plaintiff then initiated suit in this Court on August 29, 2024. (ECF 1.) Plaintiff alleges one cause of action against Defendant Aidvantage: failure to conduct a proper investigation and remove Plaintiff as a co-obligor on the allegedly fraudulent Loan in violation of the Higher Education Act, 20 U.S.C. § 1001 *et seq.*, ("HEA"). (CFAC ¶¶ 1-4, ("Count IV")); and

**WHEREAS**, after almost two years of various delays in this matter,[1] on May 29, 2026, Defendant Aidvantage timely moved to dismiss Plaintiff's Corrected First Amended Complaint. (*See* Mot.) On June 11, 2026, Plaintiff filed a brief in opposition and cross-moved to further amend her complaint. (ECF 143; ECF 144, "Opposition" or "Opp.") The next day, due to Plaintiff's counsel's replete spelling and grammatical errors and several failures to adhere to the requirements of the Federal Rules, the Local Rules, and Judge Adams's Judicial Preferences, the Court directed Plaintiff to refile the proposed second amended complaint, (ECF 148), which Plaintiff did so on June 23, 2026. (ECF 152.) Defendant then replied to Plaintiff's Opposition on June 29, 2026, (ECF 154, "Reply"), and opposed her cross-motion on July 6, 2026. (ECF 156.) The Court then held a status conference on July 27, 2026 to address Plaintiff's counsel's conduct, (ECF 160), and subsequently denied Plaintiff's cross-motion for leave to file a second amended complaint. (ECF 161, "Ord."; Tr.) Following the status conference, Plaintiff indicated to the Court that she wished to proceed *pro se* in this matter. (ECF Nos. 163, 164, 165, 167); and

**WHEREAS** Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face.

[1] Judge Adams detailed the protracted procedural history in this case during a status conference held on July 27, 2026. (*See* ECF 162, "Tr." at T27:11-31:2.) To the extent relevant to the instant Motion, the Court incorporates the July 27, 2026 status conference transcript herein.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789. Factual allegations "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), as the defendant must have "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Courts generally accept the factual allegations in a complaint as true, but not legal conclusions. *Iqbal*, 556 U.S. at 678. Therefore, the complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; and

**WHEREAS** Defendant Aidvantage argues that it is merely the servicer of the Loan and lacks the authority to discharge Plaintiff as a co-obligor under the HEA. (*See* ECF 135-1, "Mot. Br." at 5-7.) In response, Plaintiff appears to concede Defendant's point but nevertheless argues that Aidvantage had a statutory duty to investigate Plaintiff's reported fraud and was therefore negligent in failing to investigate. (*See* Opp. at 2-6.) The Court finds that Plaintiff has failed to state a valid cause of action against Defendant Aidvantage. The HEA permits aggrieved individuals to seek discharge of Federal Student Loans that were "falsely certified as a result of a crime of identity theft." 20 U.S.C. § 1087(c)(1). However, the statute specifically authorizes the Secretary of Education to discharge loans where applicable and does not authorize loan servicers

like Defendant Aidvantage. *Id.* ("[T]he Secretary shall discharge the borrower's liability on the loan . . . ."); *see also White v. Great Lakes Educ. Loan Servs., Inc.*, 659 F. Supp. 3d 809, 815 (E.D. Mich. 2023) ("But Great Lakes, as the loan servicer, has no authority to discharge student-loan debt."); *Johnson v. Duncan*, 746 F. Supp. 2d 163, 168 n.4 (D.D.C. 2010) (explaining that loan servicer had "no power or authority to discharge [plaintiff's] federally guaranteed student loans"). Moreover, "there is no private right of action under the [HEA] . . . . Rather, a discharge must be sought administratively from the Secretary of Education." *Gavin v. Dep't of Air Force*, 324 F. Supp. 3d 147, 151 (D.D.C. 2018); *see also Maurice v. Trans Union, LLC*, No. 20-5804, 2023 WL 8358118, at *3 (E.D. Pa. Nov. 30, 2023) ("Regulations promulgated under [the HEA] specify how an individual qualifies for and may seek a loan discharge."). Here, although Plaintiff claims she notified the Department of Education of the alleged fraudulent signature, Plaintiff does not claim that she requested a discharge in accordance with the applicable administrative regulations. (*See* CFAC ¶ 6.) And even if Plaintiff had exhausted her administrative remedies to seek discharge of her status as co-obligator of the Loan, "it does not appear that [Aidvantage] would be a proper defendant" in an action challenging an agency denial of such discharge.[2] *See Gavin*, 324 F. Supp. 3d at 151. Therefore, Plaintiff does not state a claim against Defendant Aidvantage upon which relief can be granted; and

**WHEREAS** Defendant Aidvantage correctly notes that Plaintiff's duty-to-investigate argument in her Opposition is grounded in statutes that are not pled in the CFAC, including the Fair Credit Reporting Act ("FCRA"), Consumer Financial Protection Act, and the New Jersey Consumer Fraud Act. (Reply at 1-3; Opp. at 2-6; *see also* CFAC at Count IV.) "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Luense*

[2] Notably, Plaintiff seems to be inclined to drop her HEA claim altogether as Plaintiff voluntarily dismissed the Department of Education from this case. (*See* Tr. at T15:16:24; Ord.)

*v. Konica Minolta Bus. Sols. U.S.A., Inc.*, 541 F. Supp. 3d 496, 513 (D.N.J. 2021) (internal quotation marks omitted) (quoting *Olson v. Ako*, 724 F. App'x 160, 166 (3d Cir. 2018)). Therefore, Plaintiff's references to unpled causes of action cannot save her HEA claim against Defendant Aidvantage from dismissal; and

**WHEREAS** Defendant Aidvantage seeks dismissal with prejudice. (Mot. Br. at 7.) Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Free Speech Coal., Inc. v. Att'y Gen. of U.S.*, 677 F.3d 519, 545 (3d Cir. 2012) ("Leave to amend should be freely given when justice so requires, including for a curative amendment unless such an amendment would be inequitable or futile."). Although the Court denied Plaintiff leave to file the proposed second amended complaint due to the egregious errors in the pleading itself and the brief in support of the cross-motion, (*see* Tr.; Ord.), the Court does not find that another curative amendment is inequitable or futile at this stage.[3] As noted above, Plaintiff plans to proceed *pro se* in this matter. (ECF 167.) Plaintiff's counsel's withdrawal provides Plaintiff with an opportunity, if she wishes, to file a coherent, proper second amended complaint.

Accordingly, for the reasons stated above, **IT IS** on this **<u>17th</u> day of <u>November</u> 2026**,

1. **ORDERED** that Defendant Aidvantage's Motion (ECF 135) is **GRANTED**; and it is

---

[3] For example, for Plaintiff's duty-to-investigate claim, if Plaintiff disputed the Loan with a credit reporting agency, Defendant Aidvantage's duty may have been triggered under § 1681s-2(b) of the FRCA, which requires furnishers of credit information to "conduct an investigation" of disputed information after receiving notice of a dispute from a credit reporting agency. 15 U.S.C. § 1681s-2(b); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (noting that § 1681s-2(b) "can be enforced by a private citizen seeking to recover damages caused by a furnisher of information"); *Hopkinson v. Pa. Higher Educ. Assistance Agency*, No. 19-12290, 2022 WL 104912, at *14 (D. Mass. Jan. 11, 2022) (denying summary judgment for a loan servicer defendant where plaintiff alleged defendant failed to conduct a reasonable investigation and continued to furnish fraudulent student loan information to consumer reporting agencies after plaintiff disputed the loan in accordance with the FCRA).

2. **ORDERED** that Plaintiff's Corrected First Amended Complaint (ECF 73) is **DISMISSED WITHOUT PREJUDICE** in its entirety against Defendant Aidvantage; and it is further

3. **ORDERED** that Plaintiff shall have thirty (30) days to file a second amended complaint that addresses the deficiencies discussed above. Should Plaintiff fail to file a second amended complaint within thirty (30) days, this Court may dismiss this matter with prejudice; and it is finally

4. **ORDERED** that the Clerk of the Court shall send a copy of this Opinion and Order to Plaintiff via electronic notice and by regular mail.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Stacey D. Adams, U.S.M.J.
Parties